IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLAYTON A. BEAGLE, JR.,

    Plaintiff,

v.                                  Civil Action No. 5:09CV33
                                        (STAMP)

ALTIVITY PACKAGING, LLC,
GRAPHIC PACKAGING
INTERNATIONAL, INC.
and MIKE CIPOLETTI,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND
AND DENYING WITHOUT PREJUDICE
DEFENDANTS' MOTION TO DISMISS**

I.  Procedural History

On February 18, 2009, the plaintiff filed this personal injury action in the Circuit Court of Brooke County, West Virginia against the above-named defendants alleging a statutory tort under West Virginia Code § 23-4-2, commonly referred as a "deliberate intention" cause of action.[1] On March 25, 2009, a notice of removal was filed in this Court based upon diversity jurisdiction. The plaintiff then filed a motion to remand to which the defendants responded. The plaintiff did not file a reply. Thereafter, the defendants filed a motion to dismiss the complaint, to which the plaintiff filed a response. The defendants did not reply.

---

[1] Defendant Altivity Packaging, LLC, and Graphic Packaging International, Inc. accepted service of the Summons and Complaint on February 24, 2009. Defendant Mike Cipoletti was served on February 23, 2009.

Having reviewed the parties' pleadings and the relevant law, this Court finds that diversity jurisdiction is lacking. Accordingly, the plaintiff's motion for remand must be granted, and the defendants' motion to dismiss will be denied without prejudice to being raised in state court, if appropriate.

## II. Facts

The plaintiff, Clayton A. Beagle, a West Virginia resident, alleges that while working for defendant Altivity Packaging, LLC ("Altivity"), he suffered multiple fractures to and a "degloving" of his left hand when it became trapped on worksite machinery that failed to meet federal safety standards. The plaintiff sued Altivity (the plaintiff's employer), Graphic Packaging International, Inc. (a corporation that the plaintiff claims merged with Altivity on January 1, 2009), and Mike Cipoletti (the plaintiff's supervisor) ("Cipoletti"). The plaintiff asserts a deliberate intention cause of action against all defendants pursuant to West Virginia Code § 23-4-2. He seeks damages for severe physical pain and suffering, severe mental pain and suffering, loss of enjoyment of life, medical bills, diminished earning capacity, lost wages, permanent disfigurement, and physical injuries to his hand.

The plaintiff alleges that Altivity and Graphic Packaging are foreign corporations and that Mike Cipoletti is a resident of West Virginia. The defendants do not dispute the citizenship of any

party.  However, they argue that Mike Cipoletti was fraudulently joined to defeat federal diversity jurisdiction.[2]

### III.  Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  Id.

The doctrine of fraudulent joinder creates an exception to the requirement of complete diversity.  See Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).  Under this doctrine, removal is permitted even if a non-diverse party has been named as a defendant at the time the case is removed if the non-diverse defendant has been fraudulently joined.  Id.  "This doctrine effectively permits

---

[2] Neither party addresses the question of whether the damages claimed meet the jurisdictional amount for diversity jurisdiction. Accordingly, this Court concludes that the parties do not dispute that the amount exceeds $75,000.00, excluding costs and interest.

3

a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id. When fraudulent joinder is alleged, a court is permitted to examine the entire record by any means available in order to determine the propriety of such joinder. See Rinehart v. Consolidation Coal Co., 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987).

## IV. Discussion

In his pleadings in support of remand, the plaintiff argues that diversity jurisdiction is absent because the parties are not completely diverse. The defendants, in their response, contend that nondiverse defendant Michael P. Cipoletti, denominated as "Mike Cipoletti" in the plaintiff's complaint, was fraudulently joined to defeat diversity jurisdiction.

To establish fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or 'there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). A claim of fraudulent joinder places a heavy burden on the defendant. See Marshall, 6 F.3d at 232. "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant

4

even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of right to relief need be asserted." Id. at 232-233 (internal citations omitted). Further, the burden is on the defendant to establish fraudulent joinder by clear and convincing evidence. See Rinehart, 660 F. Supp. at 1141.

Here, the defendants do not allege outright fraud in the plaintiff's pleadings. Therefore, to defeat the plaintiff's motion to remand, the defendants must establish by clear and convincing evidence that, even resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged any possible claim against Cipoletti. The defendants fail to meet this burden.

Because the plaintiff's grounds for relief are based upon West Virginia law, the Court looks to the law of that state to determine whether Cipoletti was fraudulently joined. The plaintiff asserts a cause of action against Cipoletti for a deliberate intention workplace injury pursuant to West Virginia Code § 23-4-2(d)(2). This statutory provision establishes an exception to the general prohibition against such suits under West Virginia Workers' Compensation Act. See W. Va. Code § 23-2-6.

West Virginia's deliberate intention statute provides two independent means for proving deliberate intension. Specific ally, West Virginia Code § 23-4-2(d)(2) states:

> The immunity from suit provided under this section and under sections six [§ 23-2-6] and six-a [§ 23-2-6a],

article two of this chapter may be lost only if the employer or person against whom liability is asserted acted with "deliberate intention". This requirement may be satisfied only if:

(i) It is proven that the employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of: (A) conduct which produces a result that was not specifically intended; (B) conduct which constitutes negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct; or

(ii) The trier of fact determines, either through specific findings of fact made by the court in a trial without a jury or through special interrogatories to the jury in a jury trial, that all of the following facts are proven:
    (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
    (B) That the employer, prior to the injury, had actual knowledge of the unsafe working condition and of the high degree of risk and a strong probability of serious injury or death presented by the specific unsafe working condition;
    (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;
    (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
    (E) That the employee exposed suffered serious compensable injury or compensable death as defined in

section one [§ 23-4-1], article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2. In his complaint, the plaintiff invokes only the first subpart, i.e., § 23-4-2(d)(2)(i), as grounds for relief.

The defendants raise two arguments in support of their fraudulent joinder allegation. First, they claim that the plaintiff has failed to allege specific intent on the part of Cipoletti to injure the plaintiff, and, therefore, the plaintiff cannot base his suit upon § 23-4-2(d)(2)(i). This Court disagrees. The plaintiff has alleged that Cipoletti both participated in the creation of the unsafe working condition that resulted in the plaintiff's injury and subjected the plaintiff to the unsafe condition. The defendants claim that Cipoletti was not present at the worksite on the day of the accident and that, therefore, the plaintiff has no possibility of establishing the requisite intent. However, Cipoletti's presence or absence at the worksite on the day of the accident has no bearing on the question of intent. Accordingly, this Court finds that for purposes of their fraudulent joinder argument, the defendants have failed to establish by clear and convincing evidence that when viewed in the plaintiff's favor, the facts reveal no possible claim against Cipoletti.

As their second argument, the defendants claim that the plaintiff has no cause of action against Cipoletti because Cipoletti is not an employer, and, therefore, deliberate intention

cannot be alleged against Cipoletti under § 23-4-2(d)(2)(ii). To support this argument, the defendants cite Evans v. CDX Services, Inc., 528 F. Supp. 2d 599 (S.D. W. Va. 2007). The defendants in that action invoked the fraudulent joinder doctrine to move for the dismissal of the plaintiff's co-employee and supervisor on the grounds that the co-employee and supervisor was not subject to suit under § 23-4-2(d)(2)(ii) because that provision permits suits only against an employer. The court found fraudulent joinder and dismissed the co-employee and supervisor from the suit. What the defendants in this action fail to appreciate, however, is that the plaintiff here has asserted his claim against Cipoletti under § 23-4-2(d)(2)(i), whereas the Evans plaintiff based his claims upon § 23-4-2(d)(2)(ii). Thus, to the extent that the defendants argue the plaintiff's claim must fail because § 23-4-2(d)(2)(ii) provides for no cause of action against a co-employee or supervisor, Evans does not appear to be relevant to this action.[3] Accordingly, this Court finds that the plaintiff has not fraudulently joined Cipoletti. Consequently, this Court has no

---

[3]The case upon which the plaintiff relies to support his contention that Cipoletti is not fraudulently joined and that diversity jurisdiction is therefore lacking, Weekly v. Olin Corp., 681 F. Supp. 346 (N.D. W. Va. 1987), is similarly inapposite. There, Judge Frank Kaufman, sitting by designation and writing for this Court, concluded that § 23-4-2(d)(2)(ii) applies to co-employees. In this action, as noted above, the plaintiff's claim against Cipoletti is asserted as claim pursuant to § 23-4-2(d)(2)(i).

subject matter jurisdiction over this action, and the case must be remanded to state court.

Because it lacks subject matter jurisdiction, this Court does not reach the question of whether the plaintiff's allegations are sufficiently pled to meet the more stringent standard of a motion to dismiss. This Court finds only that the allegations are sufficiently pled to overcome the defendants' claim of fraudulent joinder.

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Brooke County, West Virginia. It is also ORDERED that the defendants' motion to dismiss be, and hereby is, DENIED WITHOUT PREJUDICE to being raised in state court if appropriate. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County, West Virginia.

DATED:    July 30, 2009

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE